

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00134-CV

———————————————

TEXAS HEALTH RESOURCES AND
TEXAS HEALTH PRESBYTERIAN HOSPITAL PLANO, Appellants

V.

WILLIAM STRONG, ON BEHALF OF HIMSELF AND
ALL OTHERS SIMILARLY SITUATED, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-319675-20

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants Texas Health Resources and Texas Health Presbyterian Hospital Plano (the Hospital Entities) challenge the trial court's certification of an issue-specific class related to Appellee William Strong's claims against them. *See* Tex. R. Civ. P. 42 (establishing requirements for certification of class action). The certification order does not certify any of Strong's claims; instead, the order identifies three discrete issues for class-wide resolution under Rule 42(d)(1) and certifies a Rule 42(b)(2) class as to those issues, mirroring the certification approved by our sister court in *Frisco Med. Ctr., L.L.P. v. Chestnut (Chestnut I)*, 703 S.W.3d 22 (Tex. App.—Dallas 2022) (mem. op.), *aff'd in part, rev'd in part*, 694 S.W.3d 226 (Tex. 2024). *See* Tex. R. Civ. P. 42(d)(1) (providing that, "[w]hen appropriate[,] . . . an action may be brought or maintained as a class action with respect to particular issues"); *Chestnut I*, 703 S.W.3d. at 32 (explaining that "[p]arties seeking class certification must satisfy all four requirements of [Rule] 42(a) and at least one requirement of Rule 42(b)"). But while the Hospital Entities' appeal was pending, the Texas Supreme Court reversed *Chestnut I*. *See Frisco Med. Ctr., L.L.P. v. Chestnut (Chestnut II)*, 694 S.W.3d 226, 228–30 (Tex. 2024). We will follow suit and reverse the trial court's certification.

## I. Background and *Chestnut I*

Strong was treated in the Hospital Entities' emergency room, and after receiving his bill, he complained of their alleged failure to timely disclose their evaluation and management services fee. Strong sued the Hospital Entities for

declaratory, injunctive, and financial relief under the Deceptive Trade Practices Act and Uniform Declaratory Judgments Act[1]—a suit similar to that brought by the emergency-room patients in *Chestnut I*.[2] *See Chestnut I*, 703 S.W.3d at 26–28; *see generally* Tex. Bus. & Com. Code Ann. §§ 17.41–.63; Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011. And like the plaintiffs in *Chestnut I*, Strong sought to maintain his lawsuit as a class action. *See generally Chestnut I*, 703 S.W.3d at 28–31.

So after the Dallas Court of Appeals affirmed a "Rule 42(d)(1) certification of a Rule 42(b)(2) class action as to . . . three 'discrete issues'" in *Chestnut I*, *id.* at 40, Strong moved for a parallel "Rule 42(d)(1) certification of a Rule 42(b)(2) class as to the [same] three discrete issues."[3] In other words, rather than seeking to certify any of his

---

[1]Strong also sued for breach of contract, but that claim was not part of the appealed-from certification.

[2]Strong's counsel represented the plaintiffs in *Chestnut I* and *Chestnut II*. *See Chestnut II*, 694 S.W.3d at 227; *Chestnut I*, 703 S.W.3d at 26; *see also Mock v. St. David's Healthcare P'ship, LP, LLP*, No. 03-22-00708-CV, 2025 WL 567838, at *1–8 (Tex. App.—Austin Feb. 21, 2025, no pet. h.) (mem. op.) (reviewing summary judgment in similar not-yet-certified class action); *Riley v. Hous. Nw. Operating Co., L.L.C.*, No. 14-23-00381-CV, 2024 WL 2821612, at *1–4 (Tex. App.—Houston [14th Dist.] June 4, 2024, no pet.) (mem. op.) (same).

[3]Originally, Strong filed a motion for certification under Rule 42(b)(3) and (d)(1). But after *Chestnut I* was handed down, Strong revamped his requested certification to align with the affirmed portion of the *Chestnut I* certification. *Cf. Chestnut I*, 703 S.W.3d at 28–30 (noting that plaintiffs altered requested certification after initial motion). Strong reasoned that "the most expeditious way forward [wa]s to follow [*Chestnut I*'s] dictates to the letter with respect to that court's Rule 42(d)(1) certification of a Rule 42(b)(2) class as to the three discrete issues." He then drafted a proposed certification order patterned after *Chestnut I*—the order the trial court ultimately signed.

3

claims in their entirety, Strong sought class-wide declaratory and injunctive relief regarding three specific issues related to the Hospital Entities' disclosure duties and patient contracts. *See id.* (affirming issue classes while reversing other portions of order that certified claims as a whole). The trial court granted Strong's requested certification, patterning its order after *Chestnut I* and certifying three issues for class-wide resolution—the exact three issues the Dallas Court approved certification of in *Chestnut I*.[4] *See id.* at 37–38, 40.

## II. Appeal and *Chestnut II*

The Hospital Entities challenged the certification order by filing this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3). They argued, inter alia, that the trial court abused its discretion by applying Rule 42(d)(1) to certify an issue-specific class without an underlying certified claim.[5] Strong, meanwhile, urged us to follow *Chestnut I*.

---

[4]The three discrete issues certified by the trial court are (1) "[w]hether Defendants have a duty to inform ER patients of Defendants' separate Facility Fee prior to such charge being incurred;" (2) "[w]hether the language in Defendants' form contract with patients provides a promise or agreement by patients to pay a separate Facility Fee for their ER visits;" and (3) "[w]hether EMTALA prohibits Defendants from disclosing their intention to charge a separate ER Facility Fee to emergency room patients prior to the Fee being incurred." *See id.* at 37–38, 40 (affirming certification of identical issues).

[5]We review a trial court's certification order for an abuse of discretion. *See Chestnut II*, 694 S.W.3d at 228 & n.1.

Conveniently, while this appeal was pending, the Texas Supreme Court resolved the parties' disagreement. *See Chestnut II*, 694 S.W.3d at 228 (reviewing "[t]he question . . . [of] whether Rule 42(d)(1) allows for class certification of issues involved in a claim when the claim itself cannot be certified under Rules 42(a) and (b)"). The Court reversed *Chestnut I*, reiterating that the Rule 42(a) and (b) certification requirements apply to claims as a whole. *Id.* at 228–30 (holding that *Chestnut I* "erred by using Rule 42(d)(1) to manufacture compliance with Rule 42(b)(2) after determining that the Rule 42(b) criteria are not satisfied when applied to the claims as a whole"). Neither a plaintiff nor a court can sidestep these claim-wide requirements by narrowing the certification analysis to discrete issues under Rule 42(d)(1). *See id.* (explaining that "Rule 42(d)(1)'s federal counterpart allow[s] common issues *within an already certified class* to be severed for a tidier trial" and that "the same relationship [exists] between Rule 42(d) and the Rule 42(a) and (b) prerequisites").

The trial court's certification order did just that; it certified specific issues rather than certifying any of Strong's claims themselves. Indeed, the order was intentionally crafted to take this approach, relying on *Chestnut I*'s now-debunked interpretation of Rule 42(d)(1) and mimicking its issue-specific certification. *Chestnut II* is thus on point, binding, and dispositive.

### III.  Conclusion

Because *Chestnut II* discredits the legal basis for the trial court's issue-specific certification order, *see id.*, we reverse the trial court's order and remand the case for further proceedings, *see* Tex. R. App. P. 43.2(d).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  April 24, 2025